UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 13-8287 PSG (SHx) | Date | February 11, 2014 |
|---|---|---|---|
| Title | Standard Fire Insurance Company v. Todd Larson, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order to Show Cause re: Dismissal for Lack of Subject Matter Jurisdiction

    This action was filed on November 11, 2013, and reassigned to this Court January 15, 2014. However, it appears the Court may lack subject matter jurisdiction for the reason(s) opposite the box(es) checked:

[ ]    Jurisdiction is asserted on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, but it does not appear that any of the claims "arise under" federal law.

[ ]    Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but all plaintiffs are not diverse from all defendants. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996).

[ ]    Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but the complaint fails to allege the citizenship of some or all of the:

        [ ] plaintiff(s).

        [ ] defendant(s).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 13-8287 PSG (SHx) | Date | February 11, 2014 |
|---|---|---|---|
| Title | Standard Fire Insurance Company v. Todd Larson, *et al.* | | |

[ x ]   Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but the complaint sets forth the residence, rather than the citizenship, of some or all of the parties. Diversity is based on citizenship.

[ ]   Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). A partnership, limited liability company, or other unincorporated association is named as a party. The Court must consider the citizenship of each of the partners, including limited partners, or members. The citizenship of each of the entity's partners or members must therefore be alleged. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *United Steelworkers v. R.H. Bouligny, Inc.*, 382 U.S. 145 (1965); *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006); *Rockwell Int'l Credit Corp. v. U.S. Aircraft Ins. Grp.,* 823 F.2d 302, 304 (9th Cir. 1987). The complaint does not set forth the citizenship of each of the entity's partners or members.

[ ]   Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). A corporation is named as a party. The complaint is deficient because:

   [ ]   the complaint does not set forth the corporation's state(s) of incorporation *and* its principal place of business. 28 U.S.C. § 1332(c).

   [ ]   the complaint does not set forth adequate facts to support the assertion that the alleged principal place of business is the corporate party's principal place of business. For diversity purposes, a corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

[ ]   Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). A national bank is named as a party. The complaint is deficient because:

   [ ]   the complaint does not allege the state of the national bank's main office, as set forth in its articles of association, *and* its principal place of business. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006); *Olson v. Wells Fargo Bank, N.A.*, No. CV 13-2906-GHK (AGRx), 2013 WL 4407495, at *12 (C.D. Cal. Aug. 1, 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 13-8287 PSG (SHx) | Date | February 11, 2014 |
|---|---|---|---|
| Title | Standard Fire Insurance Company v. Todd Larson, *et al.* | | |

[ ]  the complaint does not set forth adequate facts to support the assertion that the alleged principal place of business is the national bank's principal place of business.

[ ]  Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). A party is named in a representative capacity, but the citizenship of the represented person is not alleged or appears not to be diverse. *See* 28 U.S.C. § 1332(c)(2).

[ ]  Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but the matter in controversy does not appear to exceed $75,000, exclusive of interest and costs.

[ ]  Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), and the action involves multiple plaintiffs and/or is a class action. The complaint is deficient because it does not state that at least one of the named plaintiffs has a claim exceeding $75,000. Where the action does not implicate a common fund or a joint interest, at least one of the named plaintiffs must meet the amount in controversy requirement. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 558-59 (2005). Where injunctive relief is sought in a multiple-plaintiff action, "the amount in controversy requirement cannot be satisfied [merely] by showing that the fixed administrative costs of compliance exceed $75,000." *In re Ford Motor Co./Citibank (S.D.), N.A. Cardholder Rebate Program Litig.,* 264 F.3d 952, 961 (9th Cir. 2001).

Accordingly, the Court orders plaintiff(s) to show cause in writing no later than **March 4, 2014** why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Failure to respond by the above date will result in the Court **dismissing** this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 13-8287 PSG (SHx) | Date | February 11, 2014 |
|---|---|---|---|
| Title | Standard Fire Insurance Company v. Todd Larson, *et al.* | | |

    The Court further orders plaintiff(s) to promptly serve this minute order on any defendant who has been served with the complaint, or who is served before the date specified above.

    **IT IS SO ORDERED.**